NOSSAMAN LLP
STEPHEN P. WIMAN (SBN 54825)
swiman@nossaman.com
TERRY C. LEUIN (SBN 105968)
tleuin@nossaman.com
JOHN W. KIM (SBN 216251)
jkim@nossaman.com
777 S. Figueroa Street, 34th Floor
Los Angeles, California  90017
Telephone:  213.612.7800
Facsimile:  213.612.7801

Attorneys for Plaintiff FEDERAL
DEPOSIT INSURANCE CORPORATION,
as Receiver for INDYMAC BANK, F.S.B.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC BANK, F.S.B., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL PERRY, <br> Defendant. | Case No.:  CV 11-5561 ODW (MRWx) <br><br> (Hon. Otis D. Wright, II, Courtroom 11) <br><br> **STIPULATION OF DISMISSAL WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii)** |

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) , IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff the Federal Deposit Insurance Corporation as Receiver for IndyMac Bank, F.S.B. and defendant Michael W. Perry that the entire

1  above-captioned action is hereby dismissed with prejudice in accordance with the parties'
2  Settlement and Release Agreement, a copy of which is attached as Exhibit A.
3         IT IS FURTHER STIPULATED AND AGREED that the parties shall bear
4  their own attorney's fees and costs incurred in this action.
5
6  Dated:  December /2, 2012                 NOSSAMAN LLP
7                                            STEPHEN P. WIMAN
                                             SCOTT N. YAMAGUCHI
8                                            VALERIE A. STRUMWASSER
9
10  By: _____
                                             STEPHEN P. WIMAN
11
12                                           Attorneys  for  Plaintiff  Federal  Deposit
                                             Insurance  Corporation,  as  Receiver  for
13                                           INDYMAC BANK, F.S.B.
14
15  Dated:  December /2, 2012                COVINGTON & BURLING LLP
16                                           D. JEAN VETA
                                             BENJAMIN J. RAZI
17                                           DENNIS B. AUERBACH
18
19  By: _____
                                             D. JEAN VETA
20
21                                           Attorneys  for  Defendant  MICHAEL
                                             PERRY
22
23
24
25
26
27                               2          STIPULATION OF DISMISSAL WITH PREJUDICE
                                            Case No.: CV 11-5561 ODW (MRWx)
28

**EXHIBIT "A"**

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is made as of December 22 2012, by and between the following undersigned parties: The Federal Deposit Insurance Corporation, as Receiver of IndyMac Bank, F.S.B ("FDIC-R"), and Michael W. Perry ("Mr. Perry"). The FDIC-R and Mr. Perry may be referred to herein individually as a "Party" and collectively as the "Parties".

## RECITALS

This Agreement is entered into in reference to the following:

1.     Prior to July 11, 2008, IndyMac Bank, F.S.B. (the "Bank") was a federally chartered savings bank operating throughout the United States of America with its principal place of business in the State of California.

2.     On July 11, 2008, the Office of Thrift Supervision closed the Bank, and the FDIC-R was appointed receiver of the Bank pursuant to 12 U.S.C. § 1821(c). In accordance with 12 U.S.C. § 1821(d), the FDIC-R succeeded to all rights, titles, powers and privileges of the Bank, including those with respect to the Bank's assets. Among the assets to which the FDIC-R succeeded were any and all claims, demands, and causes of actions against the Bank's former directors, officers and employees arising from the performance, nonperformance and/or manner of performance of their respective functions, duties and acts as directors, officers and/or employees of the Bank.

3.     Mr. Perry is a former Chief Executive Officer and Chairman of the Board of Directors of the Bank.

4.     In its capacity as successor to the Bank's claims and causes of action against former officers and directors, the FDIC-R has sued Mr. Perry, alleging negligence in failing to reduce the Bank's core loan volume further and faster than the Bank was doing (the "FDIC-R Claims"). Mr. Perry denies any and all liability. The FDIC-R's Complaint does not allege that Mr. Perry caused the Bank to fail or that he caused a loss to the FDIC insurance fund. The action

1

Settlement and Release Agreement re *Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. v. Michael Perry*, United States District Court, Central District of California, Case No CV-11-5561 ODW (MRWx)

is entitled *Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. v. Michael Perry*, United States District Court, Central District of California, Case No CV-11-5561 ODW (MRWx) (the "FDIC-R Action").

5.     The FDIC-R Claims in the FDIC-R Action include claims covered as "Wrongful Acts" for the 2007-2008 policy period of Directors and Officers insurance policies providing coverage to Mr. Perry, as described hereinafter;

6.     IndyMac Bancorp, Inc. ("Bancorp") had purchased Directors and Officers ("D&O") insurance policies from various insurers (collectively, the "Insurers") for the period including March 1, 2007 to March 1, 2008 (collectively, the "2007-08 Policies");

7.     The Insurers that issued the 2007-08 Policies include, inter alia, the following insurance companies:

- Arch Insurance Company ("Arch");

- ACE American Insurance Company ("ACE"); and

- AXIS Reinsurance Company ("AXIS").

8.     Mr. Perry is an insured under the 2007-08 Policies

9.     Arch and ACE filed an interpleader action on or about July 20, 2012, entitled *Arch Insurance Company, et al. v. Perry, et al.*, United States District Court, Central District of California, Case No. 2:12-cv-06290-JFW-FFM ("Interpleader Action") with respect to insurance proceeds related to the FDIC-R Action, among others.  AXIS subsequently joined as a plaintiff in the Interpleader Action.

10.     The Parties deem it in their best interests to enter into this Agreement to avoid the uncertainty, trouble, and expense of further litigation.  Among other things, the Parties have agreed that this Agreement shall be a settlement and release of all claims held by the FDIC-R, including its agents, successors and assigns, for all claims now or hereafter held by the FDIC-R against Mr. Perry that arise from or relate to the performance, non-performance or manner of

2

Settlement and Release Agreement re *Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. v. Michael Perry*, United States District Court, Central District of California, Case No CV-11-5561 ODW (MRWx

performance of Mr. Perry's functions, duties and/or actions as an employee, officer and/or director of the Bank, as more specifically set forth below.

NOW, THEREFORE, in consideration of the promises, undertakings, payments, and releases stated herein, the sufficiency and receipt of which consideration is hereby acknowledged, the Parties agree as follows:

### Section I:    Payment to FDIC-R

A.    **Settlement Amount**  Mr. Perry shall pay or cause to be paid to the FDIC-R the sum of Twelve Million and No/100 Dollars ($12,000,000.00) of which Eleven Million and No/100 Dollars ($11,000,000.00) (the "Insurance Amount") shall be paid exclusively by the Insurers and One Million and No/100 Dollars ($1,000,000.00) shall be paid by Mr. Perry from his personal funds (the "Individual Amount").

B.    **Payment Of Funds**

1.    Mr. Perry shall pay the Individual Amount of One Million and No/100 Dollars ($1,000,000.00) from his personal funds within seven (7) business days of the date first set forth above. Mr. Perry may make the payment of this sum by delivering a check payable to the Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B., and delivered to the Federal Deposit Insurance Corporation, Attention Richard Gill, 3501 Fairfax Drive, Room B07020, Arlington, Virginia 22226-3500.

2.    The Insurers shall pay the Insurance Amount of Eleven Million and No/100 ($11,000,000.00) within thirty (30) calendar days of the date they are notified of the full execution of this Agreement by both Parties and are provided with a copy of the fully-executed Agreement.  The Insurance Amount shall be paid either (1) by check(s) made payable to the Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. and delivered to the Federal Deposit Insurance Corporation, Attention Richard Gill, 3501 Fairfax Drive, Room B07020, Arlington, Virginia 22226-3500, or (2) by direct wire transfer to the FDIC-R as follows:

Settlement and Release Agreement re *Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. v. Michael Perry*, United States District Court, Central District of California, Case No CV-11-5561 ODW (MRWx

BANK: Federal Home Loan Bank of New York
ROUTING #: 0260 - 0973 - 9
FOR CREDIT TO: FDIC National Liquidation Account
ACCOUNT #: 1076010

FDIC CONTACT PERSON:  Richard S. Gill, Tel.  703 562 2425

**C.**     **Notice to the Insurers**  Service of notice under Subsection I.B.2 above shall be effective upon the date of transmittal by Federal Express or other overnight means of delivery to the following:

Kim West, Esq.
Clyde & Co.
101 Second Street, 24th Floor
San Francisco, CA  94105
*Counsel for Arch*

Tiffany Saltzman-Jones, Esq.
Walker Wilcox Matousek LLP
One North Franklin Street, Suite 3200
Chicago, IL  60606
*Counsel for ACE*

Andrew Smith, Esq.
Bates Carey Nicolaides LLP
191 N. Wacker Street, Suite 2400
Chicago, IL  60606
*Counsel for AXIS*

Notice shall also be provided by electronic mail to: kim.west@clydeco.us; tsj@wwmlawyers.com; asmith@bcnlaw.com.

**D.**     **Assignment of the Right to Collect from Insurers and Cooperation**

1.     In the event that the Insurers do not pay the Insurance Amount in accordance with Subsection I.B.2, above, then the FDIC-R shall be entitled to pursue the Insurers for such amount, as Mr. Perry's assignee.  Mr. Perry hereby relinquishes, surrenders, transfers, conveys, and assigns to the FDIC-R any and all rights, title, and interest Mr. Perry has or may have to assert a cause or causes of action against the Insurers relating to insurance coverage for the Insurance Amount under the 2007-08 Policies, including but not limited to claims for declaratory relief, breach of contract, breach of the covenant of good faith and fair dealing, tortious breach of the covenant

4

Settlement and Release Agreement re *Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. v. Michael Perry*, United States District Court, Central District of California, Case No CV-11-5561 ODW (MRWx

of good faith and fair dealing, bad faith, prosecution and defense of the Interpleader Action (insofar as it relates to the Insurance Amount), punitive damages (to the extent assignable) and attorneys' fees associated with pursuing or defending such actions (collectively, the "Assigned Claims"). At the sole expense of FDIC-R, the FDIC-R may prosecute, defend, control, settle or compromise any and all of Mr. Perry's Assigned Claims, in the name of the FDIC-R, as assignee of Mr. Perry. All insurance rights not assigned to the FDIC-R pursuant to this subsection D.1 (the "Non-Assigned Insurance Rights") are expressly reserved by Mr. Perry, including, without limitation, his rights against the Insurers to payment of all currently outstanding and future legal fees and costs payable under 2007-08 Policies covering the officers and directors of Bancorp and its direct and indirect subsidiaries, and in no event shall the assignment effected by this section impair Mr. Perry's right to collect such fees and costs, through the Interpleader Action or otherwise.

2.       Mr. Perry agrees to assist and to cooperate reasonably with the FDIC-R in and through the prosecution and defense of any claim, lawsuit or other proceeding involving the 2007-08 Insurers on the Assigned Claims. Mr. Perry shall take no action to impede, prevent or otherwise impair the prosecution or defense of such claim, lawsuit or other proceeding; provided, however, that nothing in this Agreement shall require Mr. Perry to take any action that would impair or be inconsistent with his interest in pursuing his Non-Assigned Insurance Rights under the 2007-08 Policies, including, without limitation, with respect to the collection of attorney's fees and related costs or with respect to Mr. Perry's prosecution and defense of the Interpleader Action insofar as it concerns his Non-Assigned Insurance Rights.

3.       The FDIC-R agrees that, in its capacity as Mr. Perry's assignee, it shall take no position in the Interpleader Action inconsistent with Mr. Perry's position that the Insurers are obligated to fund other settlements to which Mr. Perry is a party — specifically, the Insurers' obligations to fund the settlements of the actions currently titled *Coady v. Perry, et al.*, Case No. 08-CV-03812 (C.D. Cal.); and *Tripp v. IndyMac Bancorp, Inc., et al.*, Case No. 2:07-cv-1635

(C.D. Cal.). Nothing in this Agreement, however, shall in any way preclude the FDIC-R from contesting or challenging Mr. Perry's entitlement to collection or payment of currently outstanding or future legal fees and costs from the remaining limits of the 2007-08 Policies (based on the reasonableness of such fees and costs or otherwise), insofar as such collection or payment would impair the FDIC-R's ability to recover from the Insurers on the Assigned Claims.

4. Mr. Perry agrees to execute all papers reasonably required and to take all reasonable actions that may be necessary, including but not limited to appearing as a witness at deposition and/or trial, for the FDIC-R to bring, prosecute or defend a claim, lawsuit or other proceeding against or by the Insurers on the Assigned Claims, including, but not limited to, attendance and participation with truthful testimony, witness interviews, depositions, hearings, trials and other preparation sessions, review, preparation and execution of written affidavits, production of all relevant non-privileged documents and records, securing and giving of evidence, cooperation and assistance in identifying and obtaining attendance of witnesses, and such other assistance and things as may be reasonably necessary to enable FDIC-R to prosecute and defend effectively the Assigned Claims. FDIC-R, as assignee of Mr. Perry, shall have the right to select counsel to commence, prosecute and defend any claim, lawsuit or other proceeding brought against or by the 2007-08 Insurers on Mr. Perry's Assigned Claims. At FDIC-R's sole cost and expense (including with respect to any attorneys' or experts' fees, costs, sanctions or cost awards), FDIC-R shall direct, supervise, manage and have complete and exclusive control of the prosecution of such claim, lawsuit or other proceeding.

5. Mr. Perry appoints D. Jean Veta of Covington & Burling LLP as his representative and attorney-in-fact to communicate and coordinate with the FDIC-R in connection with this Agreement and any claim, lawsuit or other proceeding contemplated herein.

6. The FDIC-R hereby appoints Stephen P. Wiman of Nossaman LLP as its

Settlement and Release Agreement re *Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. v. Michael Perry*, United States District Court, Central District of California, Case No CV-11-5561 ODW (MRWx

representative and attorney-in-fact to communicate and coordinate with Mr. Perry in connection with this Agreement and any claim, lawsuit or other proceeding contemplated herein.

E.  **Mr. Perry Not Personally Liable for the $11 Million Payable by Insurers**  In no event shall Mr. Perry be personally liable for any portion of the Eleven Million and No/100 Dollars ($11,000,000.00) Insurance Amount to be paid by the Insurers, regardless of whether the FDIC-R is able to collect such amount from any of the Insurers or combination of Insurers.  In all circumstances, including, without limitation, the circumstances described in Subsection I.D above, Mr. Perry's personal liability under this Agreement shall be limited to One Million and No/100 Dollars ($1,000,000.00).

**Section II:     Releases**

A.  **Release of Mr. Perry by FDIC-R**  Effective upon Mr. Perry's payment of the Individual Amount pursuant to Section I above, the FDIC-R, for itself and its agents, successors and assigns, hereby irrevocably releases and discharges Mr. Perry from any and all claims, demands, obligations, damages, actions, and causes of action, direct or indirect, in law or in equity, known or unknown, belonging to the FDIC-R, that arise from or relate to: (1) the performance, nonperformance, or manner of performance of Mr. Perry's functions, duties and actions as an employee, officer and/or director of the Bank, Bancorp, and/or any of Bancorp's direct or indirect subsidiaries; and/or (2) the fact that Mr. Perry was an officer, director, or employee of the Bank, Bancorp, and/or any of Bancorp's direct or indirect subsidiaries.  For purposes of clarification and certainty, this release is applicable to, and includes, Mr. Perry and his immediate family members, heirs, executors, administrators, representatives, successors, and assigns, provided, however, that nothing in this release or in this Agreement is, constitutes or shall be construed as, a release or discharge of any insurer with respect to any claims in *FDIC v. Van Dellen, et al.*, United State District Court, Central District of California Case No. 10-4915 DSF(CWx), and any insurance coverage issues related to such claims, including but not limited to, coverage for liability, defense costs, settlement or otherwise.

B.  **Release of FDIC-R by Mr. Perry**  Effective simultaneously with the release

Settlement and Release Agreement re *Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. v. Michael Perry*, United States District Court, Central District of California, Case No CV-11-5561 ODW (MRWx

granted in Paragraph A of this Section II, Mr. Perry, on behalf of himself and his heirs, executors, administrators, agents, representatives, successors and assigns, hereby irrevocably releases and discharges the FDIC-R, and its employees, officers, directors, attorneys, agents, representatives, successors and assigns, from any and all known and unknown claims, demands, obligations, damages, actions, and causes of action, direct or indirect, in law or in equity, that arise from or relate to the performance, nonperformance, or manner of performance of Mr. Perry's functions, duties and actions as an employee, officer and/or director of the Bank.

C.     **Express Reservations From Release by FDIC-R**

1.     Notwithstanding any other provision contained in this Agreement, the FDIC-R does not release, and expressly preserves fully and to the same extent as if the Agreement had not been executed, any claims or causes of action:

a.     against Mr. Perry, or any other person or entity for liability, if any, as the maker, endorser or guarantor of any promissory note or other evidence of indebtedness payable or owed by them or any of them to FDIC-R, other financial institutions, or any other person or entity; and

b.     against any person or entity not expressly released in this Agreement.

2.     Notwithstanding any other provision hereof, this Agreement does not purport to waive, or intend to waive, any claims which could be brought by the United States through either the Department of Justice or the United States Attorney's Office for any federal judicial district.

3.     The FDIC-R represents and warrants that, as of the date of this Agreement, it has not transferred any claim, cause of action or other right that would be released hereunder if such claim, cause or action or right had not been previously transferred by the FDIC-R prior to the date of this Agreement, and to that end, the Parties agree that the release by the FDIC-R set forth in Paragraph A of Section II is a full and complete release of all such claims, causes of action and rights.

D.     **Civil Code Section 1542 Waiver**     There is a risk that, subsequent to the

Settlement and Release Agreement re *Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. v. Michael Perry*, United States District Court, Central District of California, Case No CV-11-5561 ODW (MRWx

execution of this Agreement, the Parties hereto will discover, incur or suffer loss, damages or injuries which are in some way related to the matters released, but which are unknown or unanticipated at the time that this Agreement is executed. The Parties hereto hereby assume this risk and understand that this Agreement shall apply to all unknown or unanticipated results of, or related to, the matters released above, as well as those known and anticipated. The Parties hereby expressly acknowledge that they are familiar with Section 1542 of the California Civil Code which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Parties understand and acknowledge the significance and consequence of this specific waiver of Section 1542. Having been advised and encouraged to consult with an attorney of their choice concerning their rights and this Agreement and having either thoroughly discussed all aspects of their rights and this Agreement with an attorney to the full extent that they wanted prior to signing this Agreement or voluntarily chosen not to do so, the Parties hereto expressly waive and relinquish any and all rights and benefits which they may have under Section 1542 of the Civil Code (to the extent it is otherwise applicable) to the full extent that such rights and benefits may be lawfully waived and relinquished pertaining to the subject matter of this Agreement.

E.   **Dismissal Of Litigation**   Within two business days of Mr. Perry's payment of the Individual Amount pursuant to Section I above, the Parties shall:

1.   Submit to the United States District Court, Central District of California, pursuant to Rule 41 of the Federal Rules of Civil Procedure, a stipulation dismissing with prejudice the FDIC-R Action. Such stipulation shall be in the form and substance of

Attachment 1 hereto and incorporated herein by this reference, and shall attach this Agreement as an exhibit to the filing.

2.      Do everything reasonably necessary to effect a dismissal with prejudice of the Action, including without limitation, the execution, submission or filing of any additional papers with the courts.

3.      The Parties shall each bear their own costs and expenses incurred with respect to the Action.

### Section III: Representations and Acknowledgements

A.      <u>**No Admission of Liability**</u>   The Parties acknowledge and agree that the matters set forth in this Agreement constitute the settlement and compromise of disputed claims, and that this Agreement is not an admission or evidence of liability or of coverage by any of them regarding any claim. Mr. Perry in fact denies any and all liability.

B.      <u>**Execution in Counterparts**</u>   This Agreement may be executed in counterparts by the Parties and their legal counsel and all such counterparts when so executed shall together constitute the final Agreement, as if one document had been signed by all Parties and counsel; and each such counterpart, upon execution and delivery, shall be deemed a complete original, binding the Party subscribed thereto upon the execution by all Parties to this Agreement. Photocopied signatures, signatures exchanged by facsimile machine and signatures exchanged by e-mail PDF shall be as effective as an original signature.

C.      <u>**Binding Effect**</u>   Each of the undersigned signatories for the Parties represents and warrants that they are a Party hereto or are authorized to sign this Agreement on behalf of the respective Party for which they are signing, and that they have the full power and authority to bind such Party to each and every provision of this Agreement. This Agreement shall be binding upon and inure to the benefit of the undersigned Parties and their respective heirs, executors, administrators, representatives, successors and assigns.

D.      <u>**Choice of Law**</u>   This Agreement shall be interpreted, construed and enforced

Settlement and Release Agreement re *Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. v. Michael Perry*, United States District Court, Central District of California, Case No CV-11-5561 ODW (MRWx

according to the applicable laws of the State of California.

   **E.**  **Entire Agreement and Amendments** This Agreement constitutes the entire agreement and understanding between and among the undersigned Parties concerning the matters set forth herein.  This Agreement may not be amended or modified except by another written instrument signed by the Party or Parties to be bound thereby, or by their respective authorized attorney(s) or other representative(s).  This Agreement is an integrated agreement.

   **F.**  **Advice of Counsel** The Parties hereby acknowledge that they have consulted with and obtained the advice of counsel prior to executing this Agreement, and that this Agreement has been explained to each Party by his or its counsel.

   **G.**  **Enforcement of Agreement** In the event that any Party brings suit to enforce the terms of this Agreement, or based on an alleged breach of the terms hereof, the Parties agree to exclusive venue in the United States District Court for the Central District of California, or in the event that the said federal court does not have jurisdiction, the Superior Court of the State of California, County of Los Angeles.  In such event, the prevailing Party shall be entitled to

///

///

///

///

///

///

///

///

///

///

///

///

11

Settlement and Release Agreement re *Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. v. Michael Perry*, United States District Court, Central District of California, Case No CV-11-5561 ODW (MRWx

recover all costs incurred from the non-prevailing Party, including reasonable attorneys' fees.

## READ CAREFULLY BEFORE SIGNING

IN WITNESS WHEREOF, this AGREEMENT is executed and effective on the

date first above written.

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver of
IndyMac Bank, F.S.B

By:_____

                                 _____
                                     MICHAEL W. PERRY

Approved as to form:

NOSSAMAN LLP
STEPHEN P. WIMAN

By: _____
            STEPHEN P. WIMAN

Attorneys for FEDERAL DEPOSIT
INSURANCE CORPORATION, as
Receiver of IndyMac Bank, F.S.B.

COVINGTON & BURLING LLP
D. JEAN VETA

By: _____
            D. JEAN VETA

Attorneys for MICHAEL W. PERRY

12

recover all costs incurred from the non-prevailing Party, including reasonable attorneys' fees.

## READ CAREFULLY BEFORE SIGNING

IN WITNESS WHEREOF, this AGREEMENT is executed and effective on the date first above written.

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver of
IndyMac Bank, F.S.B

By:_____

 

 

_____
    MICHAEL W. PERRY

 

Approved as to form:

NOSSAMAN LLP
STEPHEN P. WIMAN

By: _____
    STEPHEN P. WIMAN

Attorneys for FEDERAL DEPOSIT
INSURANCE CORPORATION, as
Receiver of IndyMac Bank, F.S.B.

COVINGTON & BURLING LLP
D. JEAN VETA

By: _____
    D. JEAN VETA

Attorneys for MICHAEL W. PERRY

Settlement and Release Agreement re *Federal Deposit Insurance Corporation, as Receiver for
IndyMac Bank, F.S.B. v. Michael Perry*, United States District Court, Central District of
California, Case No CV-11-5561 ODW (MRWx

recover all costs incurred from the non-prevailing Party, including reasonable attorneys' fees.

### READ CAREFULLY BEFORE SIGNING

IN WITNESS WHEREOF, this AGREEMENT is executed and effective on the

date first above written.

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver of
IndyMac Bank, F.S.B

By: _____          _____
                                     MICHAEL W. PERRY

Approved as to form:

NOSSAMAN LLP                          COVINGTON & BURLING LLP
STEPHEN P. WIMAN                      D. JEAN VETA

By: _____          By: _____
    STEPHEN P. WIMAN                      D. JEAN VETA

Attorneys for FEDERAL DEPOSIT         Attorneys for MICHAEL W. PERRY
INSURANCE CORPORATION, as
Receiver of IndyMac Bank, F.S.B.

Settlement and Release Agreement re *Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. v. Michael Perry*, United States District Court, Central District of California, Case No CV-11-5561 ODW (MRWx

**ATTACHMENT 1**

1   NOSSAMAN LLP
2   STEPHEN P. WIMAN (SBN 54825)
    swiman@nossaman.com
3   TERRY C. LEUIN (SBN 105968)
    tleuin@nossaman.com
4   JOHN W. KIM (SBN 216251)
5   jkim@nossaman.com
    777 S. Figueroa Street, 34th Floor
6   Los Angeles, California  90017
7   Telephone: 213.612.7800
    Facsimile:  213.612.7801
8
    Attorneys for Plaintiff FEDERAL
9   DEPOSIT INSURANCE CORPORATION,
    as Receiver for INDYMAC BANK, F.S.B.
10

11

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

16  | FEDERAL DEPOSIT INSURANCE | Case No.:  CV 11-5561 ODW (MRWx) |
17  | CORPORATION, AS RECEIVER FOR INDYMAC BANK, F.S.B., | (Hon. Otis D. Wright, II, Courtroom 11) |
18  |  | **STIPULATION OF DISMISSAL WITH** |
    |     Plaintiff, | **PREJUDICE PURSUANT TO FED. R.** |
19  |  | **CIV. P. 41(a)(1)(A)(ii)** |
20  |     v. |  |
21  | MICHAEL PERRY, |  |
22  | Defendant. |  |

23

24          Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) , IT IS HEREBY STIPULATED AND

25  AGREED by and between Plaintiff the Federal Deposit Insurance Corporation as

26  Receiver for IndyMac Bank, F.S.B. and defendant Michael W. Perry that the entire

27                                    1          STIPULATION OF DISMISSAL WITH PREJUDICE
                                                      Case No.: CV 11-5561 ODW (MRWx)
28

1   above-captioned action is hereby dismissed with prejudice in accordance with the parties'

2   Settlement and Release Agreement, a copy of which is attached as Exhibit A.

3           IT IS FURTHER STIPULATED AND AGREED that the parties shall bear

4   their own attorney's fees and costs incurred in this action.

6   Dated: December __, 2012         NOSSAMAN LLP

7                            STEPHEN P. WIMAN

8                            SCOTT N. YAMAGUCHI
                             VALERIE A. STRUMWASSER

10                 By:_____

11                      STEPHEN P. WIMAN

12                 Attorneys for Plaintiff Federal Deposit

13                 Insurance Corporation, as Receiver for
                 INDYMAC BANK, F.S.B.

15   Dated: December __, 2012         COVINGTON & BURLING LLP

16                            D. JEAN VETA

17                            BENJAMIN J. RAZI
                            DENNIS B. AUERBACH

19                 By:_____

20                      D. JEAN VETA

21                 Attorneys for Defendant MICHAEL

22                 PERRY

27            2          STIPULATION OF DISMISSAL WITH PREJUDICE
                                      Case No.: CV 11-5561 ODW (MRWx)

28