O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC BANK, F.S.B., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL PERRY, <br><br> Defendant. | Case No. CV 11-5561-ODW (MRWx) <br><br> AMENDED # 2 ORDER DENYING DEFENDANT'S MOTION TO DISMISS [18] |

## I. INTRODUCTION

Currently before the Court is Defendant Michael Perry's ("Perry" or "Defendant") Motion to Dismiss Plaintiff Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Indymac Bank, F.S.B.'s ("Plaintiff") Complaint. (Dkt. No. 18.) After careful consideration, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C. D. Cal. L. R. 7-15. For the following reasons, the Court **DENIES** Defendant's Motion.

## II. FACTUAL BACKGROUND

This case arises from Defendant's actions related to Indymac Bank, F.S.B.'s ("Indymac") investment in risky residential loans. Specifically, between at least April

and October 2007, Defendant—Indymac's chief executive office ("CEO")—is alleged to have negligently permitted the production of a pool of more than $10 billion in risky, residential loans intended for sale into a secondary market. (Compl. ¶ 3.) Due to the volatility of the secondary market, however, Indymac was forced by the fourth quarter of 2007 to transfer the loans into its own investment portfolio. (*Id.*) Plaintiff alleges that Defendant's actions, whereby he chose to aggressively gamble by investing in these risky loans, were beyond what a reasonable banker would have done under similar circumstances. (Compl. ¶¶ 3, 97–98.) As a result, the loans that had to be transferred into Indymac's investment portfolio generated substantial losses in excess of $600 million. (Compl. ¶ 3.) On July 11, 2008, Indymac ultimately closed and the FDIC was appointed as its receiver. (Compl. ¶ 13.)

Based on the foregoing, Plaintiff brings this action pursuant to 12 U.S.C. § 1821(d)(2) and 12 U.S.C. § 1821(k) alleging that Defendant, as CEO, breached his duties to Indymac and acted negligently in allowing Indymac to continue to generate and purchase loans for sale into the secondary market.[1] (Compl. ¶ 97.) As a result of the Defendant's conduct, Plaintiff alleges that it was damaged in a sum in excess of $600 million. (Compl. ¶ 98.)

## III. LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

---

[1] The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") provides that directors and officers of insured depository institutions may be held liable for money damages brought by the FDIC for "gross negligence, including any similar conduct or conduct that demonstrates a greater disregard of a duty of care (than gross negligence) including intentional tortious conduct, as such terms are defined and determined under applicable State law." 12 U.S.C. § 1821(k). "[S]tate law sets the standard of conduct as long as the state standard (such as simple negligence) is stricter than that of the federal statute." *Atherton v. FDIC*, 519 U.S. 213, 215-16 (1997). Because California's simple negligence standard is stricter than the gross negligence standard provided for in 12 U.S.C. § 1821(k), California law and its simple negligence standard is applicable for assessing liability under *Atherton*. *FDIC v. Castetter*, 184 F.3d 1040, 1043 (9th Cir. 1999).

2

R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation and citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal quotation and citation omitted).

When considering a 12(b)(6) motion, a court is generally limited to considering materials within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Thus, the Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

**IV. DISCUSSION**

The parties dispute as to whether the business judgment rule ("BJR") protects corporate officers as well as directors from judicial second guessing business decisions made on behalf of the corporation. Specifically, Defendant moves to dismiss Plaintiff's Complaint arguing that the allegations fail to plead facts sufficient to overcome BJR. In

making this argument, Defendant contends that California law applies BJR to corporate decision makers including both directors and officers. In addition, Defendant avers that even if BJR does not apply to officers, the Complaint focuses on Indymac's allegedly flawed core business strategy. Thus, Defendant argues that BJR applies in this case as the allegations implicate Defendant's performance as a director and not as his role as Indymac's CEO. In any event, Defendant contends that BJR applies and insulates him from personal liability related to his actions during the alleged time period prior to Indymac's demise.

Plaintiff opposes Defendant's Motion arguing that BJR does not apply to officers in California. Likewise, Plaintiff contends that Defendant is being sued in his capacity as Indymac's CEO as opposed to his role as director, and consequently, Plaintiff argues that BJR need not apply. As a result, Plaintiff contends that it was not required to plead around this defense. Moreover, Plaintiff avers that the issue of whether BJR applies to officers is not properly before this Court pursuant to a Rule 12(b)(6) motion.

As an initial matter, plaintiffs generally need not anticipate a defense. *See* Fed. R. Civ. P. 8(b)-(c); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (holding the burden of pleading a defense rests with the defendant). Where the complaint's allegations, however, reveal the existence of an affirmative defense, as Defendant argues here, plaintiffs must plead around the defense, by alleging specific facts that would avoid the apparent defense as Defendant argues. *Doe II v. Myspace, Inc.*, 175 Cal. App. 4th 561, 566 (Ct. App. 2009) (citation and quotation omitted). "Absent such allegations, the complaint is subject to demurrer for failure to state a cause of action . . . ." *Id.* at 566 (citation omitted); *Berg & Berg Enters., LLC v. Boyle, et al.*, 178 Cal. App. 4th 1020, 1046 (Ct. App. 2009) ("[T]he failure to sufficiently plead facts to rebut the business judgment rule or establish its exceptions may be raised on demurrer, as whether sufficient facts have been so pleaded is a question of law." (citations omitted)). Thus, if BJR applies to corporate officers under California law, the Complaint must include facts pleading around the defense. The Court holds, however, that Plaintiff was not

required to plead around BJR because BJR does not apply to corporate decisions of officers in California.

At first blush, Defendant's argument that BJR applies to both corporate directors as well as officers seems viable. Many California courts, when mentioning BJR, have repeatedly lumped officers and directors together without distinction, albeit in dicta. In addition, and not surprisingly, the distinction as to whether BJR applies to both corporate officers and directors has been the subject of much academic debate as the parties in this case suggest. Despite the confusion and debate, the Court must disagree with Defendant's contention.

To begin, common law BJR "has two components—one which immunizes directors from personal liability if they act in accordance with its requirements, and another which insulates from court intervention those management decisions which are made by directors in good faith in what the directors believe is the organization's best interest." *Berg & Berg Enters., LLC,* 178 Cal. App. 4th at 1045 (citations and quotations omitted.) California courts traditionally have applied common law BJR to shield from scrutiny qualifying decisions made by a corporation's *board of directors*. *See, e.g.*, *Lamden v. La Jolla Shores Clubdominium Homeowners Ass'n*, 21 Cal. 4th 249, 259 (1999) (emphasis added). Detracting from its traditional application, Defendant proposes that common law BJR apply to corporate officers as well as directors. Defendant's proposition, however, seems unprecedented as the Court's research reveals no judicial decision in California applying common law BJR to corporate officers.

Rather, one decision by the California Court of Appeal has held that judicial deference afforded under BJR should not apply to interested directors who effectively were acting as officers. *Gaillard v. Natomas, Co.,* 208 Cal. App. 3d 1250, 1265 (Ct. App. 1989) ("[Interested directors] were not 'perform[ing] the duties of a director' as specified in section 309, but were acting as officer employees of the corporation. The judicial deference afforded under the business judgment rule therefore should not apply." (citation and quotations omitted)). The Court of Appeal further articulated that "an

5

officer-director might be liable for particular conduct because of his capacity as an officer, whereas the other directors would not. This result is in accord with the premise of the business judgment rule that courts should defer to the business judgment of disinterested directors who presumably are acting in the best interests of the corporation." *Gaillard,* 208 Cal. App. 3d at 1265. Still, Defendant contends that the broader "second component" of common law BJR encompassing the general judicial policy of deference to business decisions should apply to officers. The Court, nevertheless, finds that no authority exists supporting such a proposition.[2]

In addition, California's statutory BJR does not extend its protection to corporate officers. Cal. Corp. Code § 309[3] ("§ 309"), which codifies California's common law BJR, expressly pertain to directors' duties and liabilities and does not mention "officer" anywhere in its text. Consequently, the California legislature, without mistake, omitted officers in codifying BJR, and this Court cannot infer otherwise. *See Troppman v. Valverde*, 40 Cal. 4th 1121, 1135 n.10 (2007) (Courts are "not to insert what has been omitted, or to omit what has been inserted . . . .") (citing Cal. Code Civ. Proc. § 1858; *Cal. Teachers Ass'n v. Governing Bd. of Rialto Unified Sch. Dist.*, 14 Cal. 4th 627, 633 (1997)).

---

[2] Defendant cites cases that do not support his contention that common law BJR applies to corporate officers. *See Berg & Berg Enters.*, 178 Cal. App. 4th at 1045 (applying BJR to a director); *Lee v. Interinsurance Exch.*, 50 Cal. App. 4th 694, 713 (Ct. App. 1996) (same); *Biren v. Equality Emergency Med. Group*, 102 Cal. App. 2d 663, 676 (Ct. App. 2002) (same); *Francis T. v. Village Green Owners Ass'n*, 42 Cal. 3d 490, 508-09 (1986) (holding that third party tort claims against corporate directors and officers are governed by the common law "ordinary prudent person" standard); *PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1386-87 (Ct. App. 2000) (applying tort and agency principles in determining liability pursuant to third party intentional tort claims); *FDIC v. Castetter*, 184 F.3d at 1044 (applying BJR to a director).

[3] Corporations Code § 309, subdivision (a) provides that "[a] director shall perform the duties of a director . . . in good faith, in a manner such director believes to be in the best interests of the corporation and its shareholders and with such care, including reasonable inquiry, as an ordinarily prudent person in a like position would use under similar circumstances." A director "who performs the duties of a director in accordance with" this subdivision, as well as other subdivisions that permit reliance on information provided by others under certain circumstances not relevant here, "shall have no liability based upon any alleged failure to discharge the person's obligations as a director." Cal. Corp. Code § 309(c).

Likewise, the legislative committee's comments show that it was the drafters' intent not to include officers when applying BJR's standard of care to directors. *See San Diego Cnty. Emps. Ret. Ass'n v. Superior Court*, 196 Cal. App. 4th 1228, 1237 (Ct. App. 2011) ("A court's overriding purpose in construing a statute is to ascertain legislative intent . . . a court looks first to the words of the statute and gives them their usual and ordinary meaning.") (citations and quotations omitted); *see also Pacific Gas & Elec. Co. v. Workers' Comp. Appeals Bd.*, 114 Cal. App. 4th 1174, 1180 (Ct. App. 2004) ("Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent.") (citation omitted). Specifically, with respect to the standard of care, the legislative comments state, in part: "[I]t is the intent of the draftsmen, by combining the requirement of good faith within the standard of care, to incorporate the familiar concept that, these criteria being satisfied, a director should not be liable for an honest mistake of business judgment." *See* Cal. Corp. Code § 309 (Legislative Committee Comment) (quotation omitted). With respect to this standard of care, officers were expressly excluded. *See id.* ("The standard of care does not include officers."). The draftsmen reason: "Although a non-director officer may have a duty of care similar to that of a director [ ], his ability to rely on factual information, reports or statements may, depending upon the circumstances of the particular case, be more limited than in the case of a director in view of the greater obligation he may have to be familiar with the affairs of the corporation." *Id*. In other words, when the California legislature had the opportunity to codify common law BJR, it purposely excluded its application to corporate officers.

In light of the apparent lack of authority and the California legislature's expressed intent not to include corporate officers in codifying common law BJR, this Court holds that BJR does not protect officers' corporate decisions. Accordingly, to the extent Defendant argues that Plaintiff's Complaint should be dismissed for failure to plead around BJR, the Court **DENIES** Defendant's Motion.

Furthermore, the Court finds unavailing Defendant's argument that Plaintiff's

allegations pertain to Defendant's capacity as Indymac's director as opposed to his role as CEO. It is axiomatic that Plaintiff is the master of the Complaint. *See, e.g.*, *Lincoln Property Co. v. Roche*, 546 U.S. 81, 90 (2005) ( "In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder [of] necessary parties." (citation omitted)). Here, Plaintiff alleges sufficiently that Defendant's conduct and actions were undertaken in his capacity as an officer. Whether Plaintiff can ultimately prove these allegations is not before this Court at this time. Accordingly, to the extent Defendant's Motion is based on this argument, the Court **DENIES** Defendant's Motion.

## V. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Motion to Dismiss in its entirety.

Pursuant to 28 U.S.C. § 1292(b), the Court finds the instant order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate interlocutory appeal therefrom may materially advance the ultimate termination of the litigation.

**IT IS SO ORDERED**.

February 21, 2012

_____
HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE